UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH SCOLARI,<br><br>           Plaintiff,<br><br>   v.<br><br>ELLIOT RUST COMPANIES, LLC, a Delaware limited liability company,<br><br>           Defendant. | CASE NO. C15-5163 BHS<br><br>ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION, DENYING AS MOOT PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL, DENYING AS MOOT DEFENDANT'S MOTION FOR EXTENSION OF TIME AND MOTION FOR RECONSIDERATION, AND GRANTING DEFENDANT'S MOTION TO VACATE |

    This matter comes before the Court on the parties' responses to the Court's order to show cause (Dkts. 31, 32) and various pending motions (Dkts. 8, 27, 28, 29). The Court hereby rules as follows:

**I. PROCEDURAL HISTORY**

    On March 18, 2015, Plaintiff Joseph Scolari ("Scolari") filed suit against Defendant Elliot Rust Companies, LLC ("Elliot Rust") in this Court. Dkt. 1 ("Comp."). Scolari asserts that the Court has subject matter jurisdiction under 28 U.S.C. § 1332

because complete diversity exists among the parties and the amount in controversy exceeds $75,000. *Id.* ¶ 2.3. Scolari does not allege any federal claims. *See id.*

On March 27, 2015, Scolari moved to disqualify Elliot Rust's counsel. Dkt. 8. On June 2, 2015, the Court denied Elliot Rust's motion to dismiss or stay the case. Dkt. 24.

On June 11, 2015, the Court ordered the parties to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Dkt. 26. On June 19, 2015, both parties filed a response. Dkts. 31, 21.

On June 12, 2015, Elliot Rust moved for relief from a deadline. Dkt. 27. That same day, Elliot Rust moved to vacate the Court's June 2, 2015 order for lack of subject matter jurisdiction. Dkt. 28. On June 16, 2015, Elliot Rust moved for reconsideration of the Court's June 2, 2015 order. Dkt. 29. On June 17, 2015, Scolari responded to Elliot Rust's motion to vacate. Dkt. 30.

## II. DISCUSSION

**A.     Subject Matter Jurisdiction**

"Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . ." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Although neither party disputed subject matter jurisdiction in this case, the Court must confirm its existence before reaching the merits of the dispute. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). As the party invoking federal jurisdiction, Scolari bears the burden of establishing the existence

of subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Scolari contends that the Court has diversity jurisdiction over this action. Comp. ¶ 2.3; Dkt. 32. District courts have diversity jurisdiction when the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Upon review of Scolari's complaint and the parties' briefing, the Court concludes that it lacks diversity jurisdiction because complete diversity does not exist. Scolari is a citizen of California.[1] Dkt. 33, Declaration of Joseph Scolari ¶ 2. Meanwhile, Elliot Rust is a limited liability company. Comp. ¶ 1.2. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899. The current members of Elliot Rust are the Cesar Scolari and Juliette Scolari Living Trust and Scolari

---

[1] In his complaint, Scolari alleges that he is "an individual residing in Dana Point, California . . . ." Dkt. 1 ¶ 1.1. In the order to show cause, the Court noted that this allegation is insufficient for the determination of diversity jurisdiction. Dkt. 26 at 2 (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 854, 857 (9th Cir. 2001)). In response to the Court's order, Scolari submitted a declaration stating that he is a citizen of California. Dkt. 33, Declaration of Joseph Scolari ¶ 2.

himself.[2] Dkt. 35. "[I]f a plaintiff is an owner or member of a defendant LLC, then [the] diversity requirement of section 1332 cannot be satisfied." *Skaaning v. Sorenson*, No. 09-00364, 2009 WL 3763056, at *3 (D. Haw. Nov. 10, 2009). Because Scolari is a member of Elliot Rust, complete diversity is not satisfied in this case. *See id.*

Scolari nevertheless argues that he is a passive member of Elliot Rust, and therefore the Court should discount his membership in Elliot Rust for diversity jurisdiction purposes. Dkt. 32 at 2–4. This argument is unavailing. Although Scolari may not be exercising his rights as a member of Elliot Rust, he remains a current member of Elliot Rust. *See* Dkt. 10, Declaration of Joseph Scolari ¶ 2; Dkt. 35. Indeed, the crux of this dispute is Scolari's membership interest in the company. *See* Comp. The Court must consider Scolari's membership in Elliot Rust to determine whether complete diversity exists. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members . . . ." (internal quotation marks and citations omitted)); *Johnson*, 437 F.3d at 899 ("[A]n unincorporated association . . . has the citizenships of all of its members.").

---

[2] On March 24, 2015, Elliot Rust filed a corporate disclosure statement which listed the 2005 Cesar Scolari Separate Property Trust and Scolari as Elliot Rust's two members. Dkt. 7. On June 24, 2015, Elliot Rust filed a supplemental corporate disclosure statement, which states that the 2005 Cesar Scolari Separate Property Trust assigned its interest in Elliot Rust to the Cesar Scolari and Juliette Scolari Living Trust on May 8, 2015. Dkt. 35. This change does not impact the Court's ultimate conclusion regarding diversity jurisdiction.

Scolari also relies on the nominal party exception to argue that the Court has diversity jurisdiction. Dkt. 32 at 2. "Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity [jurisdiction] . . . ." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002). A nominal defendant is one who "holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998). "The paradigmatic nominal defendant is a trustee, agent, or depository . . . who is joined purely as a means of facilitating collection." *Id.* (internal quotation marks omitted).

Here, Elliot Rust is not a nominal defendant. Elliot Rust is not merely a stakeholder, trustee, agent, or depository that is in the suit purely as a means of facilitating collection. To the contrary, Scolari seeks substantive relief against Elliot Rust. *See* Comp. Accordingly, the Court must consider Elliot Rust's citizenship in assessing diversity jurisdiction. In doing so, the Court concludes that complete diversity does not exist because Scolari is a member of Elliot Rust. The Court therefore lacks subject matter jurisdiction and must dismiss this action.

**B.   Pending Motions**

Because the Court lacks subject matter jurisdiction over this action, the Court denies as moot Scolari's motion to disqualify counsel (Dkt. 8), Elliot Rust's motion for relief from deadline (Dkt. 27), and Elliot Rust's motion for reconsideration (Dkt. 29). The Court grants Elliot Rust's motion to vacate the Court's June 2, 2015 order (Dkt. 28). *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1092 (9th Cir. 2004) ("Finding that

federal court diversity jurisdiction is lacking, we remand to the district court with directions to vacate its prior orders and dismiss the action.").

### III. ORDER

Therefore, it is hereby **ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction. Scolari's motion to disqualify counsel (Dkt. 8), Elliot Rust's motion for relief from deadline (Dkt. 27), and Elliot Rust's motion for reconsideration (Dkt. 29) are **DENIED as moot**. Elliot Rust's motion to vacate (Dkt. 28) is **GRANTED**. The Court **VACATES** its June 2, 2015 order.

Dated this 30th day of June, 2015.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge